PROB 22
(Rev. 2/88) ⊕

# FILED

APR 0 4 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**TRANSFER OF JURISDICTION**

Docket No. (Transferring Court)

**CR 01-0059 MAG**

Docket No. (Receiving Court)

FILED
APR -1 PM 3:41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NOR. THERN DISTRICT OF CALIFORNIA

| Name and Address of Probationer/Supervised Releasee | District ND/CA |
|---|---|
| Timothy Stephens **DOCKETED** 1400 N. State Parkway Chicago, IL 60610 APR 0 5 2002 | Name of Sentencing Judge Honorable James Larson |

| | Dates of Probation/ Supervised Release | From 08/03/01 | To 08/02/04 |
|---|---|---|---|

Offense

Driving Under the Influence of Alcohol; misdemeanor

**02CR0321**
JUDGE LINDBERG

**PART 1 - ORDER TRANSFERRING JURISDICTION**       MAGISTRATE JUDGE NOLAN

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Northern District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

3-15-02
Date

James Larson
United States District Judge

**JAMES LARSON
U.S. MAGISTRATE JUDGE**

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Northern___ DISTRICT OF Illinois

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3/26/02
Date

United States District Judge

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By Richard
Date Apr
Deputy Clerk

1   ROBERT S. MUELLER, III (CSBN 59775)
2   United States Attorney

3

4                 JUDGE LINDBERG

5

6           MAGISTRATE JUDGE NOLAN

7

8          UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10           SAN FRANCISCO DIVISION

11

12   UNITED STATES OF AMERICA,      )   No.

13                          )   VIOLATIONS: 36 C.F.R. § 4.23(a)(1)
14           Plaintiff,       )   – Driving Under the Influence of Alcohol
                              )   (Class B Misdemeanor); 36 C.F.R. § 4.2(b),
15                               )   adopting C.V.C. § 23152(b) – Driving with
         v.                  )   Blood Alcohol Concentration at or in Excess of
16                               )   .08 Percent (Class B Misdemeanor); 36 CFR
                              )   § 4.21(c) – Speeding (Class B Misdemeanor);
17   TIMOTHY G. STEPHENS,         )   36 C.F.R. § 4.2(b), adopting C.V.C. §
                              )   4000(a)(1) – Driving with Expired Registration
18           Defendant.       )   (Class B Misdemeanor); 36 C.F.R. 4.2(b)
                              )   adopting C.V.C.§ 12500(a) – Driving without
19                               )   a Valid License (Class B Misdemeanor)
                              )
20                               )   SAN FRANCISCO VENUE

21   _____ )

22                        I N F O R M A T I O N

23   The United States Attorney charges:

24   <u>COUNT ONE</u>:   (36 C.F.R. § 4.23(a)(1) - Driving Under the Influence)

25       1. On or about September 2, 2000, within the boundaries of the area administered by the

26   Presidio Trust, the defendant

27                  TIMOTHY G. STEPHENS

28   did operate and was in actual physical control of a motor vehicle while he was under the influence

FILED
01 FEB -9 AM 9: 52
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 0 4 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

02CR0321

CR·01– 0059 MAG

1   of alcohol to a degree that rendered him incapable of safe operation, in violation of Title 36,

2   Code of Federal Regulations, Section 4.23(a)(1), a class B misdemeanor.

3   COUNT TWO:   (36 C.F.R. § 4.2(b), adopting Cal. Veh. Code. § 23152(b) - Driving with a Blood

4   Alcohol Concentration Percentage of .08 or more)

5        2.  On or about September 2, 2000, within the boundaries of the area administered by the

6   Presidio Trust, the defendant

7                          TIMOTHY G. STEPHENS

8   did operate and was in actual physical control of a motor vehicle while his blood alcohol concentration

9   was at or in excess of .08 percent, in violation of Title 36, Code of Federal Regulations, Section 4.2(b),

10  adopting California Vehicle Code Section 23152(b), a class B misdemeanor.

11  COUNT THREE:   (36 C.F.R. § 4.21(c) - Speeding)

12       3.  On or about September 2, 2000, within the boundaries of the area administered by the

13  Presidio Trust, the defendant

14                         TIMOTHY G. STEPHENS

15  did operate a motor vehicle at a speed in excess of the posted speed limit, in violation of Title 36, Code

16  of Federal Regulations, Section 4.21(c), a class B misdemeanor.

17  COUNT FOUR:   (36 C.F.R. § 4.2(b), adopting Cal. Veh. Code § 4000(a)(1) - Expired Vehicle

18  Registration)

19       4.  On or about September 2, 2000, within the boundaries of the area administered by the

20  Presidio Trust, the defendant

21                         TIMOTHY G. STEPHENS

22  did drive a motor vehicle without valid registration, in violation of Title 36, Code of Federal

23  Regulations, Section 4.2(b), adopting California Vehicle Code Section 4000(a)(1), a class B

24  misdemeanor.

25  COUNT FIVE:   (36 C.F.R. § 4.2(b), adopting Cal. Veh. Code § 12500(a) - Driving Without a

26  Valid License)

27       5.  On or about September 2, 2000, within the boundaries of the area administered by the

28  Presidio Trust, the defendant

TIMOTHY G. STEPHENS

did operate a motor vehicle without a valid driver's license, in violation of Title 36, Code of Federal Regulations, Section 4.2(b), adopting California Vehicle Code Section 12500(a), a class B misdemeanor.

DATED: 2/9/0(

ROBERT S. MUELLER, III
United States Attorney

JOHN H. HEMANN
Assistant United States Attorney
Supervisor, Misdemeanor Section

AO 245B (Rev. 9/00) – Judgment in a Criminal Case

# United States District Court
## Northern District of California

FILED

2001 AUG -6 AM 10: 36

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. CALIFORNIA

UNITED STATES OF AMERICA

v.

TIMOTHY G. STEPHENS

JUDGE LINDBERG

MAGISTRATE JUDGE NOLAN

02CR0321

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:     CR01-0059 MAG

Frank Bacon
Defendant's Attorney

FILED

APR 0 4 2002

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**THE DEFENDANT:**

[x]     pleaded guilty to count(s): 1 of the Information .
[ ]     pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]     was found guilty on count(s) __ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 36 C.F.R. Sec. 4.23(a)(1) | Driving Under the Influence of Alcohol | September 2, 2000 | 1 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]     The defendant has been found not guilty on count(s) ___.

[x]     Count(s) 2, 3, 4 and 5 of the Information  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:     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

Defendant's Date of Birth:     4/10/76

Defendant's USM No.:     96232-701

Defendant's Residence Address:
1274 4th Avenue
San Francisco, CA  94122

Defendant's Mailing Address:
1274 4th Avenue
San Francisco, CA  94122

August 3, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable James Larson, U. S. Magistrate Judge
Name & Title of Judicial Officer

8-3-01 Date

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk

ENTERED IN CRIMINAL DOCKET     8/7/01

AO 245B (Rev. 9/00) – Probation

| | | |
|---|---|---|
| DEFENDANT: | TIMOTHY G. STEPHENS | Judgment - Page 2 of 6 |
| CASE NUMBER: | CR01-0059 MAG | |

# PROBATION

The defendant is hereby placed on probation for a term of  3 years .

While on probation you shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.  Revocation of probation is mandatory for possession of a controlled substance.

You shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in your economic circumstances that might affect your ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

[x]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[ ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that you pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations.

Revocation of probation is mandatory for refusal to comply with drug testing imposed as a condition of supervision.  18 U.S.C. Sections 3565(b)(3) and 3583(g)(3)

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| DEFENDANT: | TIMOTHY G. STEPHENS | Judgment - Page 3 of 6 |
|---|---|---|
| CASE NUMBER: | CR01-0059 MAG | |

# STANDARD CONDITIONS OF PROBATION

It is the order of the Court that the defendant shall comply with the following standard conditions:

1) The defendant shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer;

2) The defendant shall report to the probation officer as directed by the Court or the probation officer, and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) The defendant shall support the defendant dependent's and meet other family responsibilities, including but not limited to, compliance with the terms of any court order or administrative process pursuant to the laws of a state, the District of Columbia, or any other possession or territory of the United States, requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;

7) The defendant shall consume no alcohol if sentenced to the special condition that the defendant are to participate in a drug/alcohol program;

8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

14) The defendant shall notify third parties of risks related to the defendant criminal record, personal history, or characteristics, and shall permit the probation officer to make such notifications and/or confirm the defendant compliance with this notification requirement

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

DEFENDANT:    TIMOTHY G. STEPHENS                 Judgment - Page 4 of
CASE NUMBER:    CR01-0059 MAG

## SPECIAL CONDITIONS OF SUPERVISION

1   The defendant shall pay a fine of $500 as directed by his probation officer.
2   The defendant shall maintain and provide proof of financial responsibility to the California Department of Motor Vehicles and the U.S. Probation Officer as directed, for the term of probation.
3   The defendant shall not operate a motor vehicle with any measurable amount of alcohol in his blood.
4   The defendant shall complete an approved First Offender's Program and provide proof of completion to his probation officer, as directed.
5   The defendant shall complete an alcohol assessment program as directed by his probation officer.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| DEFENDANT: | TIMOTHY G. STEPHENS | Judgment - Page 5 of 6 |
|---|---|---|
| CASE NUMBER: | CR01-0059 MAG | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments directly following the Monetary Penalties section.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 10 | $ 500 | $ |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine and/or   [ ] restitution.

    [ ] the interest requirement for the    [ ] fine and/or   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 199 but before April 23, 1996.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: TIMOTHY G. STEPHENS | Judgment - Page 6 of 6 |
| CASE NUMBER: CR01-0059 MAG | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x]  Lump sum payment of $10 due immediately, balance due

  [ ]  not later than ____, or

  [ ]  in accordance with ( ) C, ( ) D, or ( ) E below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) E below); or

C  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g. months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in ____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g. months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [x]  Special instructions regarding the payment of criminal monetary penalties:
  The $500 fine shall be paid as directed by the probation officer.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

  [ ]  Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

  [ ]  The defendant shall pay the cost of prosecution.

  [ ]  The defendant shall pay the following court cost(s):

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION | U.S. DISTRICT COURT |
|---|---|

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED
01 FEB -9 AM 9

---

**OFFENSE CHARGED**

36 CFR 4.23(a)(1)-Driving Under the Influence of Alcohol; 36 CFR 4.2(b) adopting CVC 23152(b) - Driving With Blood Alcohol Concentration at or above .08%; 36 CFR 4.21(c)-Speeding; 36 CFR 4.2(b) adopting CVC 4000(a)(1)-Driving with Expired Registration; 36 CFR 4.2(b) adopting CVC 12500(a)-Driving without a Valid License

☒ Petty
☐ Minor
☐ Misdemeanor
☐ Felony

PENALTY:
Maximum Penalty for each count (Class B Misdemeanor):
6 mos. imprisonment
$5000 fine
$10 Special Assessment Fee

---

**DEFENDANT - U.S.**

▶ Timothy G. Stephens

DISTRICT COURT NUMBER

# CR·01- 0059

---

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)

United States Park Police

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

FILED APR 0 4 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

02CR0321

CASE UNDER LIMBERG MAGISTRATE JUDGE NOLAN

---

**DEFENDANT**

IS NOT IN CUSTODY
☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges
☐ Is a Fugitive
☐ Is on Bail or Release from (show District)

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: RICHARD W. WIEKING
Clerk, U.S. District Court,
Northern District of California
By Richard Lanier Deputy Clerk
April 2, 2002

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges Date _____
☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not
Month/Day/Year

DATE TRANSFERRED TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

---

Name and Office of Person Furnishing Information on THIS FORM

ROBERT S. MUELLER, III
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
John Hemann

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☒ Initial Appearance
Defendant Address:
1400 N. State Parkway
Chicago, Ill 60610

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: March 6, 2001 9:30am
Before Judge: Bernard Zimmerman

Comments:

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

April 2, 2002

F I L E D

APR 0 4 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Office of the Clerk
Northern District of Illinois
9 South Dearborn Street
Chicago, IL 60604

02CR0321

JUDGE LINDBERG

Case Number: CR01-59 MAG

Case Title: United States -v- Timothy Stephens

MAGISTRATE JUDGE NOLAN

Dear Clerk:

Pursuant to order transferring the jurisdiction of probation in the above-captioned case, transmitted herewith are certified copies of:

1. Indictment/Information

2. Transferral Order

3. Judgment

Please acknowledge receipt of the above document on the copy of this form.

Very truly yours,

RICHARD W. WIEKING, Clerk

*Richard Lanier*

by: Richard Lanier
Deputy Clerk

(enclosures)

o:\mrg\crim\probtran.mrg

Rev 11/95